# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**SYLIS PROPERTY MANAGEMENT, LLC**

**VS.**                                                    **CIVIL ACTION NO. 18-1052**

**CERTAIN UNDERWRITERS AT LLOYD'S,**
**LONDON AND THOMAS J. BROWNFIELD**

## NOTICE OF REMOVAL

**COME NOW,** Defendants, Certain Underwriters at Lloyd's, London subscribing severally to Policy No. B1230AP02958A15 (the "Policy"), each for themselves alone and no other, severally not jointly, based on their own respective percentage of interest, by and through counsel ("Underwriters") and Thomas J. Brownfield ("Brownfield"), without waiving any affirmative defenses or objections herein, including, but not limited to, those defenses available under Federal Rules of Civil Procedure Rule 8 and 12 and without waiving Defendants' right to seek dismissal and compel arbitration of this dispute pursuant to the arbitration clause contained in the subject insurance policy, which requires disputes between the parties to be submitted to arbitration, hereby removes this cause (bearing Cause Number 2017CI16549) from the 150th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas and would show as follows:

1. **Removal.** Removal is supported by federal question under 28 U.S.C. §§ 1441 and 1446. Defendants assert that there is a valid arbitration clause that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, (also known as the "Convention"), and, thus, this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203 and 205. In removing this cause, Defendants specifically preserve and do not waive any affirmative defenses whatsoever, including but not limited to any Rule 12 affirmative defenses.

PD.24521919.1

Defendants also specifically preserve and give notice of their right to seek dismissal and to compel arbitration of this dispute, and Defendants will be filing a dispositive motion seeking that relief subsequent to the removal of this cause.

The Policy sued upon provides for arbitration as follows:

**12.    Arbitration**

>   If the Assured and Underwriters fail to agree in whole or in part regarding any aspect of this Policy, each party shall, within ten (10) days after the demand in writing by either party, appoint a competent and disinterested arbitrator and the two chosen shall before commencing the arbitration select a competent and disinterested umpire. The arbitrators together shall determine such matters in which the Assured and the Underwriters shall so fail to agree and shall make an award thereon, and if they fail to agree, they will submit their differences to the umpire and the award in writing of an two, duly verified, shall determine the same.

>   The Parties to such arbitration shall pay the arbitrators respectively appointed by them and bear equally the expenses of the arbitration and the charges of the umpire.

Underwriters, through their counsel, invoked their right to arbitrate the matters in dispute via letter dated September 10, 2018. Regardless of whether any demand for arbitration has been made, the fact that suit has been filed for claims related to the Policy and/or losses allegedly covered under the Policy warrants removal under the Convention.

2.    **The State Court Action.**  The state court action which is removed to this Court is styled: *Sylis Property Management, LLC v. Certain Underwriters at Lloyd's London and Thomas J. Brownfield,* In the 150th Judicial District Court of Bexar County, Texas, Cause No. 2017CI16549. This matter arises out of Defendants' alleged failure to comply with their common law and statutory obligations arising from their insurance contract with Plaintiff.  A copy of the state court file will be filed with the court in the time provided under the Federal Rules and is otherwise attached hereto as Exhibit C.

3.      **Propriety of Removal.** This action is properly removed under 28 U.S.C. Section 1441 to the Western District of Texas, as the district embracing the 150the Judicial District Court of Bexar County, Texas in which the state court action was pending.

The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. As the Supreme Court has explained, "[t]he goal of the convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974). Over one hundred counties have signed the Convention, including the United States and the United Kingdom of Great Britain and Northern Ireland.  In 1970, Congress enacted Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208, ("the "Convention Act") "to establish procedures for our courts to implement the Convention." *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

The Convention Act is part of the Arbitration Act, 9 U.S.C. § 1 et seq.  Chapter 1 of Title 9 is the Federal Arbitration Act ("FAA").  Chapter 2 of Title 9 is the Convention Act.  Section 208 of the Convention Act incorporates the FAA into Convention Act to the extent the FAA is not inconsistent with the Convention Act or the Convention. *See* 9 U.S.C. § 208.

This cause is properly removed based on federal question, the FAA and the referenced provisions of the Convention Act, including but not limited to Section 202, which provides:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention.  An

3

agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

Article II of the Convention further clarifies which arbitration agreements are subject to the Convention. Article II states, in pertinent part, as follows:

1. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.
2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

The Fifth Circuit has recognized that any dispute under an insurance policy containing an arbitration clause with an international party is subject to arbitration under the Convention. For example, in *Acosta v.* Master *Maintenance & Const., Inc.*, 452 F.3d 373 (5th Cir. 2006), the Fifth Circuit ruled that plaintiffs' claims for exposure to mustard gas "related to" the dispute that was subject to arbitration under the liability insurance policy plaintiffs sued upon via the Louisiana Direct Action Statute, making removal under the Convention proper. *See also Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666, 669 (5th Cir. 1994).

Here, Underwriters severally subscribe to the Policy issued to Plaintiff. Under *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010), the Eleventh Circuit explained that Lloyd's itself "is not an insurance company, but rather a British organization that provides infrastructure for the international insurance market." *Id.* at 1083. It is

4

thus not Lloyd's but rather individual underwriters operating within the Lloyd's infrastructure that underwrite policies. *See Id.* These underwriters are known as "Names" or "members," and they can be individual persons or business entities of varying nationalities. *Id.* As underwriters, they assume the risk of insurance loss, and they often share the risk for any given policy severally by working together in a "syndicate." *Id.* It has been further stated that syndicates are merely administrative entities; they are not incorporated, and they do not assume any risk on the policies they underwrite. *Id.* Rather, "the constituent Names assume individual percentages of underwriting risk" and "it is the individual Names, not the syndicate, who are directly liable in the event of loss, as if each Name had a contract with the insured," *Id.* at 1084. The syndicates instead provide administrative convenience, and they "are generally organized by Managing Agents, which may or may not be corporations." *Id.* at 1083.

In this case, a portion of the Policy is subscribed to by Syndicate 1969, which is not a citizen or resident of Texas or any other state within the United States. Cyrene Capital Limited ("CCL") is a corporate member and capital provider for Syndicate 1969 and is a subsidiary of Cyrene Investments Limited, which is organized and maintains its principal place of business in the United Kingdom, a participating country to the Convention. As such, the mere presence of Syndicate 1969 in the litigation warrants removal. Furthermore, as to the portion of the risk assumed by other Underwriters under the Policy, certain of these parties too must be considered citizens of countries other than the United States. As such, there can be no question that the dispute involves parties that are citizens of countries other than the United States. The entirety of the dispute filed by Plaintiff against all defendants "relates to" the Policy, which includes the mandatory enforcement of the arbitration provision.

The remaining components required for application of the Convention are likewise satisfied. *See Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 Fo.2d 1140 (5th Cir. 1985); *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002).

Additionally, the dispute involves a commercial dispute under a written agreement that includes a valid arbitration agreement. In addition to the arbitration clause, the Policy provides that Texas law shall apply and that Underwriters shall be subject to the jurisdiction of the court, as necessary to enforce the arbitration provisions contained in the Policy. Under Texas law, arbitration provisions contained in insurance agreements have been upheld, particularly when the FAA is triggered. *See Ranchers and Farmers Mut. Ins. Co. v. Stahlecker*, No. 09-10-00286-CV, 2010 WL 4354020, at *4-5 (Tex. App.—Beaumont Nov. 4, 2010, no pet.). Thus, there is no basis upon which to argue state law prohibits application of the Convention Act.[1]

As such, the elements necessary for removal under the New York Convention have been satisfied.

4. **Timeliness.** Section 205 of the New York Convention expressly states that the case may be removed on this basis "at any time before trial." 9 U.S.C. § 205; *see e.g. Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Ceramica*, 855 F. Supp. 163, 166 (N.D. Tex. 1994). As such, removal is timely.

5. **Consent to Removal by All Defendants.** This cause has been removed by all defendants, through undersigned counsel.

6. **Notice to Others.** In accordance with 28 U.S.C. Section 1446(d), Defendants will promptly give notice to all parties in writing, and shall file a copy of the notice of removal with the Clerk of the state court.

---

[1] *See, Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's London*, 587 F.3d 714, 718 (5th Cir. 2009) (holding that the McCarran-Ferguson Act reverse-preemption rule applies only to federal statutes and not to treaties).

7.      Pursuant to 28 U.S.C. § 1446(a), a copy of the state court docket sheet and all process, pleadings, and orders are attached hereto as Exhibits B and C.

**WHEREFORE**, Defendants remove this action to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted this 8th day of October, 2018.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:     */s/ Paige C. Jones*
        Paige C. Jones
        Texas Bar No. 24054609
        paige.jones@phelps.com
        115 Grand Avenue, Ste. 222
        Southlake, Texas 76092
        Telephone: (817) 488-3134
        Telecopier: (817) 488-3214

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing instrument has been served on the following counsel of record pursuant to the Federal Rules of Civil Procedure:

Robert W. Loree
Loree & Lipscomb
777 East Sonterra Blvd., Suite 320
San Antonio, Texas 78258

*/s/ Paige C. Jones*
Paige C. Jones